May, J.
By the provisions of the statute, 1 Rev. Code, ch. 169. § 9» p. G01. the circuit court of Warwick had the power and was bound, under the circumstances, to change the venue in this case; and it appears by the record, that York was the most convenient county in which a fair trial could be had. The venue was, therefore, properly changed to that county. But the circuit court of Warwick had not the power to require that the trial should take place at any particular term of the circuit court of York; and although that would seem from the phraseology of the order, to have *671 been contemplated to be done, the circuit court of York, doubting its power, properly refused to try the case at the special term of the 8th June 1831. Whether it was proper to bail the prisoner at that term, and how far the recognizance was binding, it is not material here to inquire. The prisoner appeared at the fall term of the circuit superiour court of York; and as the venue had been changed to that county, the court took cognizance of the case, and proceeded to the trial.
We are of opinion, that so much of the order changing the venue as seemed to require the trial to be had at the term of the circuit court of York, to be held on the 8th June 1831, should be considered as surplusage; and it having been substantially disregarded, then and subsequently, there is no error in the proceedings in this particular.
But the judgement is erroneous in this, that the court sentenced the prisoner to be kept in a solitary cell &c. in the penitentiary for one sixth, instead of one twelfth, part of the term of imprisonment of two years ascertained by the verdict of the jury. Sess. Acts of 1832-3, ch. 19. $ 2. p. 18. The judgement is, therefore, to be reversed, and judgement to be entered, that the prisoner be confined in the penitentiary for the term of two years, and kept in a solitary cell &c. for one twelfth part of the term.